A11A1085. DOZIER v. THE STATE.
(716 SE2d 802)

BARNES, Presiding Judge.

A jury convicted Wendell William Dozier of rape, aggravated sodomy, aggravated child molestation, child molestation, and incest, and he was sentenced to multiple life sentences. He argues on appeal that the trial court erred in allowing the State to impeach his testimony with a prior aggravated assault conviction, and that this error was harmful. For the reasons that follow, we find no error and thus affirm.

Dozier's victim was his then-14-year-old daughter, who testified in graphic detail about numerous occasions when Dozier forced her

to have sexual intercourse with him. She also testified that Dozier made her perform and receive oral sex during these occasions, which took place at her house and in other places to which Dozier drove her.

Dozier did not live with the victim. He retrieved her from school several times and drove his car behind a commercial building, where he made the victim get out and have sex with him at the back of his car. Other times he came over to her house and into her bedroom when her mother was at work, locked the door, and forced her to perform sexual acts. On one of those occasions, the victim's two-year-old brother was crying and trying to get into the victim's bedroom, so Dozier let him in, and then had sex with the victim.

The victim testified that she did not want Dozier to perform the sexual acts but did not fight back because she was afraid he would "body slam" and choke her. She did not tell anyone about the abuse right away because Dozier said if she did, she would get in trouble and "it all [would] come back on [her]" because no one would believe her. She also did not want to make her mother feel bad or be angry with her for not disclosing the abuse sooner.

The victim finally made an outcry to her boyfriend, who told the victim's cousin. The cousin told her mother, who was the victim's aunt, and the aunt drove the two girls to pick up the victim's mother. In the car on the way back to the aunt's house, the victim told her mother what had been happening with Dozier. The mother was upset but not angry at the victim, and took her to the police station immediately to make a report. Investigation and prosecution ensued.

In addition to the victim, her boyfriend, cousin, and mother all testified about the outcry. An expert in child sexual abuse examinations testified that she had examined the victim, who reported a year-long history of penile-vaginal penetration and oral sex that began the day before her fourteenth birthday. The victim's gynecological examination was essentially normal, which the expert explained did not rule out sexual abuse because the tissue in that area tended to heal quickly.

An expert in forensic interviews of sexually abused children testified that she was the director of the non-profit Georgia Center for Child Advocacy, which works closely with the police and the Department of Family and Children Services. The center's staff are specially trained to talk to children in a non-leading, non-suggestive way to obtain information when someone suspects that a child has been abused or can provide information about child abuse.

The expert explained that children who are abused by someone within their social or family circle often disclose the abuse more slowly than if the abuser were a stranger. When the abuser is someone in a position of authority in a child's life, the expert said, the child may be used to obeying that person's commands, such as

"clean your room" or "eat your supper," and thus obey the command not to tell anyone what is happening to them. Children also commonly fear that no one will believe them, that they are responsible for the abuse, and that they will be punished or be the cause of someone else's punishment if discovered. Sometimes an abused child reveals no outward change in her demeanor, but once the abuse is disclosed the child may reveal more information as time passes and she assesses the reaction to her disclosure.

A detective who works in a special victims' unit for crimes against women and children testified that he watched the forensic interview of the victim to observe her demeanor and to obtain basic background information about the incidents she had disclosed. She was "humble," the detective said, showing neither sorrow nor happiness. The detective interviewed Dozier twice, at Dozier's residence and then at the police station, and the State played recordings of both interviews during trial. The detective testified that he thought it was strange that Dozier remembered small details about a shopping trip with the victim but could not remember whether or not he had driven his car behind the building, where the victim said one of the assaults occurred.

Dozier testified and denied abusing the victim. He also testified on direct examination that he "took a plea bargain" on an aggravated assault charge in 1993 and spent time in prison. During cross-examination, Dozier admitted writing a letter to someone in which he said, "Please help me change her testimony," but said he was referring to his ex-girlfriend, not to the victim.

For impeachment purposes, the State entered into evidence a certified copy of Dozier's aggravated assault conviction. The jury subsequently convicted Dozier of all four felony charges. Dozier filed a motion for new trial, which was denied, and this appeal followed

Dozier contends on appeal that the trial court failed to apply the proper statutory standard in determining whether his aggravated assault conviction was admissible to impeach his testimony. Before Dozier testified, the trial court considered outside the jury's presence whether the State could use evidence of Dozier's prior aggravated assault conviction to impeach his testimony. Dozier was confined until 1998, and because his release occurred more than ten years before the trial, under OCGA § 24-9-84.1 (b) the trial court was required to consider whether the probative value of the evidence, as supported by specific facts and circumstances, substantially outweighed its prejudicial effect. The court asked the State why the evidence was compelling enough to overcome the prejudicial effect of its admission.

The State responded that Dozier had been charged with three counts of aggravated assault in 1993, and initially told the police that

he and the other three men involved had engaged in mutual combat. The evidence eventually revealed that after Dozier had an altercation with the men, he "went after" them and pistol-whipped one of them. He then returned to the scene and removed the gun to hide the evidence. Dozier pled guilty to one count of aggravated assault and two counts of misdemeanor reckless conduct. The State argued that it should be allowed to impeach Dozier's veracity with evidence of the aggravated assault conviction because Dozier was initially untruthful to the police about the circumstances surrounding the fight and because he tried to hide the evidence.

The trial court granted the State's request to admit the prior conviction for impeachment purposes. The court reasoned that, because the crimes for which Dozier was being tried were "crimes of credibility," with an alleged victim saying something happened and Dozier saying nothing happened, evidence of the prior conviction was probative enough on the issue of Dozier's veracity and credibility to outweigh the potential prejudicial effect of admitting evidence of the conviction. Additionally, the court noted, evidence Dozier committed a violent act was relevant to the victim's testimony that she did not disclose the crimes immediately for fear Dozier would hurt her. The court then commented:

> The jury is going to decide who to believe and I think it's important for them to have — if he wishes to testify, he has the right to testify, but I have never understood the artificial boundaries between other witnesses and parties in the case. I don't understand that. It just doesn't make any sense to me. That's one of the requests to charge which you have made, which is he gets examined like everybody else, he gets sworn like everyone else. As far as I'm concerned, defendants ought to be subject to impeachment just like everybody else. So that's the reason why I'm [allowing the State to impeach Dozier with the prior conviction].

Dozier argues that these comments show that the trial court failed to apply the proper test for determining whether an older conviction is admissible to impeach a defendant as opposed to a witness, which Dozier argues is illustrated by the difference between OCGA § 24-9-84.1 (a) (1) and (a) (2).

We review a trial court's determination regarding impeachment of a defendant for abuse of discretion. *Quiroz v. State*, 291 Ga. App. 423, 429 (4) (662 SE2d 235) (2008). OCGA § 24-9-84.1 (a) (2) establishes a stricter standard for weighing the admissibility of a conviction less than ten years old when it is offered to impeach a defendant instead of an ordinary witness. If offered against a

defendant, the statute requires that the probative value of the conviction *substantially* outweigh its prejudicial effect, and the trial court is "not authorized to admit evidence using a more liberal standard than that provided by OCGA § 24-9-84.1 (a) (2)." (Citation and punctuation omitted.) *Lawrence v. State*, 305 Ga. App. 199, 203 (3) (699 SE2d 406) (2010).

Under OCGA § 24-9-84.1 (b), however, if more than ten years has passed since the conviction or the release from confinement imposed for that conviction, the standard used to balance the probative value of evidence against its prejudicial effect is the same for defendants and witnesses. In either case, the court must find that the probative value of the conviction "supported by specific facts and circumstances substantially outweighs its prejudicial effect." OCGA § 24-9-84.1 (b); *Quiroz*, 291 Ga. App. at 429 (4).

The trial court must make express findings regarding the relevant factors when balancing the probative value of the impeachment evidence against its prejudicial effect under OCGA § 24-9-84.1 (a) or (b), which include the kind of crime involved, the date of the conviction, and the importance of the witness's credibility. *Abercrombie v. State*, 297 Ga. App. 522, 524 (1) (677 SE2d 719) (2009) (conviction reversed because trial court failed to list any factors and simply found that the evidence of three-year-old conviction would have probative value and thus was admissible under OCGA § 24-9-84.1 (a) (2)).

Dozier argues that, because the statute establishes a stricter standard to admit a conviction less than ten years old against a defendant rather than a witness, it must also require that the trial court apply a stricter standard to admit an older conviction against a defendant. He further argues that the trial court's statement quoted above shows that the court "expressly failed to distinguish between the higher threshold required of a testifying defendant as compared to another witness, so there is no way that it could correctly weigh the necessary factors if the threshold for an over-age conviction is higher still."

We disagree that the trial court's observations questioning the reasons for having different impeachment standards for defendants and other witnesses negate its analysis or establish that the trial court "fails to grasp [the] difference," as Dozier argues. In the first place, the statute itself contains no distinction between defendants and witnesses when more than ten years has passed since the applicable conviction or release. Secondly, the trial court properly considered the specific facts and circumstances of Dozier's prior aggravated assault conviction, as required by OCGA § 24-9-84.1 (b), before concluding that the probative value of evidence of the conviction substantially outweighed its prejudicial effect. The trial court

specifically addressed the relevant factors, including "the kind of felony involved, the date of the conviction, and the importance of the witness's credibility." *Quiroz*, 291 Ga. App. at 428.

Accordingly, the trial court did not abuse its discretion in allowing the State to introduce evidence of Dozier's prior aggravated assault conviction in this case involving rape, aggravated sodomy, aggravated child molestation, child molestation, and incest.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED SEPTEMBER 19, 2011.

*Stephen A. Shea*, for appellant.

*Robert D. James, Jr., District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.

